**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| CAPITAL CITY PUBLIC CHARTER SCHOOL : <br> : <br> 100 Peabody St NW : <br> Washington, DC 20011 : <br> : <br>     Plaintiff, : <br> : <br>         v. : <br> : <br> PHILIPIA HILLMAN, : <br> as parent and next friend of the minor child, : <br> A.M. : <br> : <br> 3545 11th Street NW : <br> Washington, DC 20010 : <br> : <br>     Defendant. : | Civil Action No. 17-CV-412 |

## COMPLAINT

1. Plaintiff brings this Complaint seeking relief from an adverse decision regarding the provision of a free appropriate public education ("FAPE") pursuant to the Individuals with Disabilities Education Improvement Act ("IDEA"), 20 U.S.C. §§ 1400 *et seq*. A true and correct copy of the adverse decision is attached hereto as Exhibit A. Plaintiff is an aggrieved party as a result of the adverse decision and is entitled to appeal and to seek review by this Court.

## JURISDICTION

2. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343 and pendant jurisdiction pursuant to 5 D.C. Mun. Regs. §§ 3000 *et seq*. Declaratory relief is authorized by 28 U.S.C. §§ 2201 and 2202.

## PARTIES

3. Plaintiff Capital City Public Charter School ("Capital City") is a District of Columbia public charter school which has elected to be its own local education agency ("LEA") under IDEA for special education purposes.

4. Defendant is the parent of the minor child, A.M., and she resided in the District of Columbia during the time of the underlying administrative proceedings.

## FACTUAL ALLEGATIONS

5. A.M. is a twelve year old student who attended Capital City for the 2014-2015 and 2015-2016 school years.

6. A.M. was evaluated and found eligible for special education services on July 21, 2016.

7. Defendant first formally requested an evaluation for special education on October 19, 2015.

8. Defendant's first evaluation request was denied following a review of existing data and the multi-disciplinary team's decision that an evaluation for special education was not required because there was no reason to suspect a disability and/or need for special education.

9. At the time of the analysis of existing data, A.M. was not demonstrating any academic deficits or concerns that would have necessitated an evaluation for special education.

10. Defendant agreed with the decision not to evaluate A.M. for special education.

11. Defendant made another request for an evaluation for special education in March 2016.

12. The March 2016 request was also denied because there was no reason to suspect that A.M. had a disability or needed special education services. At that time, A.M. was not demonstrating academic deficits or concerns that necessitated an evaluation for special education.

13. Sometime in April 2016, Defendant retained an educational advocate who submitted a third request for an evaluation for special education on April 20, 2016.

14. A multi-disciplinary team meeting was held on May 24, 2016 to discuss the request for an evaluation. At that meeting, Capital City ultimately agreed to evaluate A.M. for special education even though Capital City did not actually believe that an evaluation was necessary. The existing data reviewed by the team on May 24, 2016 did not reveal any academic deficits or concerns that suggested a need for special education.

15. Capital City completed a psycho-educational evaluation on July 14, 2016.

16. The psycho-educational evaluation concluded that A.M. met diagnostic criteria for Attention Deficit Hyperactivity Disorder ("ADHD") and Oppositional Defiant Disorder ("ODD") as well as criteria for a secondary diagnosis of Adjustment Disorder.

17. Capital City completed a functional behavior assessment on July 21, 2016.

18. On July 21, 2016, the multi-disciplinary team determined that A.M. was eligible for special education as a student with an other health impairment based on the diagnosis of ADHD.

19. The evaluations conducted by Capital City were conducted by qualified personnel, used a variety of assessment tools as well as technically sound instruments, and were otherwise appropriate. The evaluations were in no way deficient.

20. On August 3, 2016, the Defendant, through her advocate, sent an email requesting an independent educational evaluation at Capital City's expense. The Defendant specifically indicated that she disagreed with the diagnosis of oppositional defiant disorder ("ODD") in the evaluation. In her email, the Defendant's advocate stated,

> Based on the student's private Clinical Psychologist review of the evaluation, since the parent did not complete all three ratings, ODD can't be diagnosed from a single tool and/or setting. In addition, it is believed that the teacher's ratings of the student should have been nullified due to the overly negative endorsement of the student.

21. The psychologist's findings in the psycho-educational evaluation were supported by the assessment results, which were valid and reliable.

22. Following the Defendant's request for an independent educational evaluation at public expense, Capital City and the Defendant engaged in some discussion attempting to resolve the Defendant's concerns without a due process hearing to no avail. There were some delays in these discussions on the part of Defendant's unresponsiveness to a settlement offer from Capital City.

23. Due to their inability to reach a resolution of the Defendant's independent evaluation request, Capital City informed Defendant of its intent to request a due process hearing to defend its evaluation.

24. Before Capital City was able to request a due process hearing to defend its evaluation, Defendant filed a due process complaint on September 26, 2016.

25. In her complaint, Defendant raised two issues:

    a. Whether Capital City denied A.M. a free appropriate public education by failing to timely evaluate A.M. based on Defendant's requests made on October 19, 2015 and April 20, 2016.

    b. Whether Capital City denied A.M. a free appropriate public education by failing to provide an independent evaluation or request a due process hearing to defend its evaluation without unnecessary delay.

26. As relief for the independent evaluation issue raised in her due process complaint, Defendant requested an independent comprehensive psychological evaluation at public expense, or in the alternative that the ODD diagnosis be removed from Capital City's evaluation. As relief for the failure to timely evaluate upon request issue raised in her complaint, Defendant requested compensatory education from February 2016 (120 days after the October 19, 2015 evaluation request) to the end of the 2015-2016 school year.

27. Capital City filed a response to Defendant's due process complaint on October 4, 2016. The response contained a counterclaim to defend Capital City's evaluation.

28. As a result of Capital City's counterclaim, a third issue was adjudicated at the due process hearing: Whether the psycho-educational evaluation conducted by Capital City was appropriate under IDEA pursuant to 34 CFR §§ 300.304-300-306.

29. Defendant failed to file a response to Capital City's counterclaim despite several opportunities to do so. As a result, the Hearing Officer issued an order limiting Defendant's defense to the counterclaim to the assertions Capital City stated in the counterclaim as Defendant's basis for objecting to Capital City's evaluation. That objection was as follows:

> Based on the student's private Clinical Psychologist review of the evaluation, since the parent did not complete all three ratings, ODD can't be diagnosed from a single tool and/or setting. In addition, it is believed that the teacher's ratings of the student should have been nullified due to the overly negative endorsement of the student.

30. A due process hearing was held on November 30, 2016.

31. The Hearing Officer's Determination ("HOD") was issued on December 10, 2016.

32. The HOD correctly concluded that Capital City's evaluation was appropriate and met the requirements under IDEA.

33. The HOD also correctly concluded that Defendant did not sustain her burden of proof that Capital City failed to either grant her independent educational evaluation request or request a due process hearing to defend its evaluation without unnecessary delay.

34. The HOD erroneously concluded that Defendant sustained her burden of proof that Capital City denied A.M. a free appropriate public education by failing to timely evaluate him after Defendant's October 19, 2015 request.

35. The HOD correctly notes, however, that Defendant failed to present any evidence in support of her request for compensatory education. As such, the HOD correctly concludes that compensatory education cannot be awarded.

36. The HOD erroneously granted Defendant's independent evaluation request as a remedy for Capital City's failure to timely evaluate the student despite the finding that Capital City's evaluation of the student was appropriate.

37. In support of the conclusion that Capital City violated IDEA by not evaluating A.M. in response to Defendant's October 19, 2015 request, the Hearing Officer erroneously concluded that a parental request for an initial evaluation creates an obligation that the student be evaluated. This is a legally erroneous conclusion.

38. IDEA does not require a school to conduct initial evaluations for special education simply because a parent makes such a request. A school is only required to conduct initial evaluations for a student when there is a reason to suspect a disability and need for special education.

39. The hearing officer applied the wrong legal standard in concluding that Capital City violated IDEA and denied A.M. a free appropriate public education.

40. The hearing officer also erroneously disregarded Defendant's agreement with Capital City's decision not to evaluate in response to her October 2015 request.

41. The hearing officer exceeded his authority when he ordered Capital City to fund an independent educational evaluation despite his finding that Capital City's evaluation of A.M. was appropriate.

## GROUNDS FOR APPEAL

Capital City appeals the December 10, 2016 HOD repeating and realleging the allegations in paragraphs 1 through 40, on the following primary grounds:

42. The hearing officer erroneously concluded that Defendant met her burden of proof that Capital City violated IDEA and denied A.M. a free appropriate public education by failing to conduct an initial evaluation upon Defendant's request on October 19, 2015.

43. The hearing officer erroneously concluded that Capital City had an obligation to conduct an initial evaluation based solely on the Defendant's request.

44. The hearing officer erroneously disregarded Defendant's agreement with Capital City's decision not to evaluate in response to her October 2015 request.

45. The hearing officer erroneously granted Defendant's independent evaluation request despite concluding that Capital City's evaluation of A.M. was appropriate.

WHEREFORE, Plaintiff respectfully requests this Court to:

1. Issue a Judgment for Plaintiff and against Defendant on all aforementioned counts;

2. Order that the December 10, 2016 Hearing Officer's Decision be reversed, dismissing all claims that were raised in the underlying due process complaints with prejudice; and

3. Grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

_____/s/_____
Lauren E. Baum, Esq.
D.C. Bar No. 989351
Law Office of Lauren E. Baum, PC
3573 Warder Street, NW, #2
Washington, DC 20010
202-450-1396
202-450-1397 (fax)
l.baum@laurenebaumlaw.com