## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____
)
CAPITAL CITY PUBLIC )
CHARTER SCHOOL, )
)
Plaintiff, )
v. )      Civil Action No. 17-00412 (TSC/RMM)
)
PHILIPIA HILLMAN, )
)
Defendant. )
_____)

## REPORT AND RECOMMENDATION

        This case is before the Court on Plaintiff Capital City Public Charter School's ("Capital

City") Motion for Default Judgment [ECF No. 3] ("First Default Judgment Motion") and

Renewed Motion for Default Judgment [ECF No. 4] ("Second Default Judgment Motion")

(collectively "Motions") against Defendant Philipia Hillman ("Ms. Hillman"), as parent and next

friend of the minor child, A.M.  *See* Mot. for Default J. ("1st Default J. Mot."), ECF No. 3;

Renewed Mot. for Default J. ("2d Default J. Mot."), ECF No. 4.  Judge Tanya S. Chutkan

referred this matter to the undersigned for full case management, including a Report and

Recommendation on any dispositive motion.  *See* 6/21/17 Minute Order.  Capital City brings suit

seeking relief from an adverse decision regarding the provision of a free appropriate public

education under the Individuals with Disabilities Education Improvement Act ("IDEA").

Compl. ¶ 1, ECF No. 1.  Capital City now moves the Court to enter default judgment against Ms.

Hillman for her alleged failure to respond to the Complaint.  *See* 1st Default J. Mot.; 2d Default

J. Mot.  Upon consideration of the record, the pleadings, and for the reasons set forth below, the

undersigned recommends that the Court deny Capital City's Motions without prejudice.

## BACKGROUND

### A.  Factual Background

This case arises from a hearing officer's decision evaluating whether Capital City failed to provide a free appropriate public education, as required by the IDEA, to Ms. Hillman's twelve-year old child (A.M.).  A.M. was a student at Capital City — a public charter school in Washington, D.C. — for the 2014–2015 and 2015–2016 school years.  Compl. ¶¶ 3-5.  Capital City denied Ms. Hillman's initial requests for an evaluation of A.M. because the school found no reason to suspect that a special education evaluation was warranted, *id.* ¶¶ 8-9, 12, but granted a later request for an evaluation.  *Id.* ¶¶ 13-14.  In July 2016, Capital City completed a psycho-educational evaluation and functional behavioral assessment of A.M., and a multi-disciplinary team concluded that A.M. was eligible for special education services.  *Id.* ¶¶ 16-18.

Ms. Hillman disagreed with a diagnosis made during the psycho-educational evaluation, and filed a due process complaint with the District of Columbia Office of the State Superintendent of Education Office of Dispute Resolution.  Compl. ¶ 24 & Ex. 1.  Capital City filed a counterclaim with its response to that complaint.  Compl. ¶ 27.  A hearing officer held a due process hearing on November 30, 2016, and issued a decision on December 10, 2016.  *Id.* ¶¶ 30-31.

In the instant action, Capital City seeks relief from the hearing officer's December 10, 2016 ruling.  Capital City alleges that the hearing officer erroneously: (1) concluded that Capital City violated the IDEA and denied A.M. a free appropriate public education by failing to conduct an initial evaluation upon Ms. Hillman's first request on October 19, 2015; (2) concluded that Capital City had an obligation to conduct an initial evaluation based solely on Ms. Hillman's request; (3) disregarded Ms. Hillman's agreement with Capital City's decision not to

evaluate A.M. in response to her October 2015 request for evaluation; and (4) granted Ms.

Hillman's independent evaluation request despite concluding that Capital City's evaluation of

A.M. was appropriate.  Compl. ¶¶ 42-45.  Capital City seeks a judgment resolving these four

issues in its favor and an order reversing the December 10, 2016 decision.  *See id.* at 8.

### B.  Procedural History

Capital City filed its Complaint in this Court on March 7, 2017.  *See* Compl.; 1st Default

J. Mot. ¶ 1.  On March 8, 2017, the Clerk of the Court issued a Summons to Ms. Hillman.  *See*

Summons, ECF No. 2.  To date, Capital City has not filed proof of service for either the

Complaint or the Summons.

Capital City moved for default judgment on April 25, 2017.  *See* 1st Default J. Mot.  To

establish service of process, Capital City alleged that on March 8, 2017, it emailed the Complaint

and Summons to Marlon Charles — Ms. Hillman's counsel in the underlying administrative

matter — who had asserted in an email that he would accept service on Ms. Hillman's behalf.

*See* 1st Default J. Mot. ¶¶ 3-4, Ex. 1.  Mr. Charles is not counsel of record in this matter and has

not entered an appearance on behalf of Ms. Hillman.  Mr. Charles appears not to have

acknowledged receipt, and Capital City provides no proof that Mr. Charles received the emailed

copy of the Complaint.  *See* 1st Default J. Mot., Ex. 1.  Capital City again moved for default

judgment on September 21, 2017.  *See* 2d Default J. Mot.  That motion repeated the allegations

from the First Default Judgment Motion, and further noted that Ms. Hillman had failed to

respond to the First Default Judgment Motion.  The Clerk of the Court has not entered default

against Ms. Hillman.

## LEGAL STANDARD

Courts may "enter default judgment [under Federal Rule of Civil Procedure 55] when a defendant fails to defend its case appropriately or otherwise engages in dilatory tactics." *Peak v. Dist. of Columbia*, 236 F.R.D. 13, 15 (D.D.C. 2006) (quoting *Keegel v. Key West & Caribbean Trading Co.*, 627 F.2d 372, 375 n.5 (D.C. Cir. 1980)). Rule 55 establishes a two-step procedure that a plaintiff must follow to obtain default judgment. First, the plaintiff must ask the Clerk of the Court to enter default based on a party's failure "to plead or otherwise defend" in response to the complaint. FED. R. CIV. P. 55(a). Upon entry of default, "the defaulting defendant is deemed to admit every well-pleaded allegation in the complaint." *Robinson v. Ergo Solutions, LLC*, 4 F. Supp. 3d 171, 178 (D.D.C. 2014) (citation and quotation marks omitted); *see also Adkins v. Teseo*, 180 F. Supp. 2d 15, 17 (D.D.C. 2001). Second, after the Clerk has entered default, the plaintiff must file a motion for default judgment and provide notice of the same to the defaulting party. FED. R. CIV. P. 55(b)(2). Once a plaintiff has satisfied those procedural requirements, "[t]he determination of whether default judgment is appropriate is committed to the discretion of the trial court." *Int'l Painters & Allied Trades Indus. Pension Fund v. Auxier Drywall, LLC*, 531 F. Supp. 2d 56, 57 (D.D.C. 2008) (citing *Jackson v. Beech*, 636 F.2d 831, 836 (D.C. Cir. 1980)). Courts disfavor default judgments and will resolve disputes based on their merits when possible. *See Jackson*, 636 F.2d at 835; *Darby v. McDonald*, 307 F.R.D. 254, 257 (D.D.C. 2014).

## ANALYSIS

Obtaining an entry of default from the Clerk of the Court "is the necessary predicate to a grant of default judgment against any defendant." *Peak*, 236 F.R.D. at 15 (citations omitted); *see also* 10A CHARLES A. WRIGHT AND ARTHUR R. MILLER, FEDERAL PRACTICE & PROCEDURE § 2682 (4th ed. 2017) (stating that "[p]rior to obtaining a default judgment under either Rule

55(b)(1) or Rule 55(b)(2), there must be an entry of default as provided by Rule 55(a)").  Capital City skipped that step, and did not seek entry of default prior to filing its two motions for default judgment.  Capital City's First and Second Motions for Default Judgment are therefore premature.  *See Nix El v. Williams*, 174 F. Supp. 3d 87, 92 (D.D.C. 2016) (noting a defendant is not in default until the clerk enters a default); *Betz v. First Credit Servs., Inc.*, 139 F. Supp. 3d 451, 455 (D.D.C. 2015) (concluding that motion for default judgment was premature because default had not been entered); *Peak*, 236 F.R.D. at 15 (observing that default judgment motion filed simultaneously with request for entry of default was premature and "declin[ing] the invitation to short-circuit the procedural requirements of the rule").  Accordingly, the undersigned recommends that the Court deny the First and Second Motions for Default Judgment.

Capital City's failure to establish that it served Ms. Hillman in the manner required by Federal Rule of Civil Procedure 4(e) provides an additional basis to deny the default judgment motions.  Default judgment can only be entered against a party that has defaulted on its obligation to respond to a complaint.  *See Peak*, 236 F.R.D. at 15-16.  The obligation to respond is triggered by proper service of process.  *See* FED. R. CIV. P. 12(a)(1)(A).  Capital City claims to have effected service by emailing the Complaint to an attorney who expressed a willingness to accept service on Ms. Hillman's behalf.  *See* 1st Default J. Mot. ¶ 3; 2d Default J. Mot. ¶ 3.  But Rule 4(e) does not permit service of a complaint and summons by email.  Rule 4(e) authorizes service by delivery to the individual personally, leaving a copy with an individual at the defendant's residence, delivering a copy to an authorized agent, or as authorized by the law of the state where the action is brought or where service is made (here, the District of Columbia).  *See* FED R. CIV. P. 4(e).  The corresponding District of Columbia rule, Superior Court Rule 4,

authorizes service by hand delivery, leaving a copy with an individual at the defendant's residence, delivering a copy to an authorized agent, or sending the complaint and materials by first class mail, postage prepaid.  *See* D.C. SUP. CT. CIV. R. 4(c), (e).  Emailing a copy of the complaint and summons satisfies neither rule.  *See Johnson v. Wellborn*, 418 Fed. Appx. 809, 815 (11th Cir. 2011) (concluding that emailing a complaint and waiver of service form to party did not effect service under Federal Rule 4(e)).

Moreover, Mr. Charles' assertion that he was willing to accept service on Ms. Hillman's behalf is not sufficient to establish that he is an agent authorized to accept service for Ms. Hillman within the meaning of Federal Rule 4(e).  *See Attakora v. Dist. of Columbia*, 300 F.R.D. 24, 27 (D.D.C. 2013).  "[T]here must be evidence that the defendant[] intended to confer that authority upon the agent," beyond the purported agent's representations.  *Id.* (quoting *Fenwick v. United States*, 691 F. Supp. 2d 108, 113 (D.D.C. 2010) (quoting 4A CHARLES A. WRIGHT AND ARTHUR R. MILLER, FEDERAL PRACTICE & PROCEDURE § 1097 (3d ed. 2002)).  Capital City offers no evidence corroborating its assumption that Ms. Hillman had authorized Mr. Charles to act as her agent in this matter, and therefore has failed to establish that delivering the complaint and summons to Mr. Charles would constitute proper service upon Ms. Hillman.  *See id.* (deeming individual's alleged assertion that she was authorized to accept service insufficient to establish agency where defendant denied having conferred such authority); *Anderson v. Gates*, 20 F. Supp. 3d 114, 122-23 (D.D.C. 2013) (finding that service was improper where plaintiff failed to show that any of the defendants had signed for or received mailings of the complaint and summons, or that any of the recipients of the mailings were authorized to accept service on behalf of the defendants); *Tafler v. Dist. of Columbia*, 2006 WL 3254491, at *4-5 (D.D.C. Nov. 8, 2006) (holding that service on a defendant's father was improper as the defendant had not

appointed him as his agent). Consequently, Capital City cannot prove that Ms. Hillman had, or defaulted on, an obligation to respond to the complaint; as such, there is no basis to enter default judgment against Ms. Hillman. *See Carvahal v. D.E.A.*, 246 F.R.D. 374, 375-76 (D.D.C. 2007) (denying default judgment motion where plaintiff failed to serve defendant in the manner required by Rule 4); *Peak*, 236 F.R.D. at 15-16 (concluding it would be improper to enter default judgment where motion was filed before expiration of defendant's time to respond to the complaint)..

## RECOMMENDATION

Having considered the record and pleadings, and for the reasons set forth above, the undersigned recommends that the Court deny Capital City's First and Second Motions for Default Judgment. As that recommended disposition is based on a procedural defect, the undersigned further recommends that the denial of the Motions be without prejudice to Capital City's ability to seek such relief in the future.

## REVIEW BY THE DISTRICT COURT

The parties are hereby advised that under the provisions of Local Rule 72.3(b) of the United States District Court for the District of Columbia, any party who objects to the Report and Recommendation must file a written objection thereto with the Clerk of this Court within 14 days of the party's receipt of this Report and Recommendation. The written objections must specifically identify the portion of the report and/or recommendation to which objection is made, and the basis for such objections. The parties are further advised that failure to file timely objections to the findings and recommendations set forth in this report may waive their right of

appeal from an order of the District Court that adopts such findings and recommendation.  *See*

*Thomas v. Arn*, 474 U.S. 140 (1985).


Dated:  January 11, 2018                         

                                     ROBIN M. MERIWEATHER
                                       UNITED STATES MAGISTRATE JUDGE